# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-50669

FRED FLORES,

Plaintiff-Appellant

v.

RALPH LOPEZ, Sheriff; SID L. HARLE, Judge; RAYMOND SABASTIAN DELEON, Attorney; MARGARET G. MONTEMAYOR; SYLVIA A. QUESADA, Court Reporter,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:14-CV-500

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Fred Flores, Texas prisoner # 1411161, seeks leave to proceed in forma pauperis (IFP) in his appeal of the dismissal of his 42 U.S.C. § 1983 action claiming he was wrongfully convicted of aggravated sexual assault of a child and denied access to the courts. The district court determined alternatively (1) that it lacked subject matter jurisdiction to consider the claims under

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

United States Court of Appeals
Fifth Circuit

**FILED**

July 27, 2015

Lyle W. Cayce
Clerk

§ 1983; (2) that if the claims were construed under 28 U.S.C. § 2254, the district court lacked jurisdiction because Flores failed to obtain this court's authorization before filing the successive application; and (3) that the claims were meritless and time barred. The court denied Flores's motion for leave to proceed IFP on appeal for the same reasons and certified that the appeal was not taken in good faith.

By moving for leave to proceed IFP, Flores is challenging the district court's certification that his appeal was not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997); FED. R. APP. P. 24(a)(5). A motion for leave to proceed IFP on appeal "must be directed solely to the trial court's reasons for the certification decision." *Baugh*, 117 F.3d at 202.

Flores does not contest the district court's reasons for dismissing the complaint and certifying that the appeal was not taken in good faith. Accordingly, he has abandoned any challenge to the certification decision, *see Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987), and failed to demonstrate that his "appeal involves legal points arguable on their merits," *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted). Because he has not shown that his appeal involves a nonfrivolous issue, we deny his motion to proceed IFP and dismiss the appeal as frivolous. *See Baugh*, 117 F.3d at 202 & n.24; *Howard*, 707 F.2d at 220; 5TH CIR. R. 42.2. We also deny the motion for appointment of counsel.

Both the district court's dismissal of Flores's complaint and our dismissal of his appeal as frivolous count as strikes for purposes of 28 U.S.C. § 1915(g). *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1763 (2015). We caution Flores that, if he accumulates three strikes, he will not be able to proceed IFP in any civil

No. 14-50669

action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  *See* § 1915(g).

MOTIONS  DENIED;  APPEAL  DISMISSED;  SANCTION  WARNING ISSUED.